IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TONY LASTER,** <br> **#N82255,** <br><br>    **Plaintiff,** <br><br> vs. <br><br> **JOHN DOE 1,** *Correctional Officer,* <br> **WARDEN DENNISON,** <br> **M. HILLE,** <br> **JOHN DOE 2,** *Answer Grievances Commity,* <br> **SHAWNEE CORRECTIONAL CENTER,** <br> and <br> **JOHN DOE 3,** *Any other responsible defendants,* <br><br>    **Defendants.** | Case No. 19−cv−00955−NJR |

## MEMORANDUM AND ORDER

**ROSENTENGEL, Chief Judge:**

Plaintiff Tony Laster, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Jacksonville Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights occurring while at Shawnee Correctional Center ("Shawnee"). Plaintiff claims that he was placed in segregation for two weeks without cause. He seeks monetary damages.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## PRELIMINARY DISMISSALS

Although Plaintiff identifies John Doe 2, described as answer grievances committee, John Doe 3, described as any other responsible defendant, and Shawnee Correctional Center as defendants in the case caption, these defendants shall be dismissed for several reasons.

First, Plaintiff does not describe how these defendants violated his constitutional rights. In fact, none of them are referenced in the statement of claim section at all. Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Merely invoking the name of a potential defendant by listing him or her in the case caption is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Second, Plaintiff must make plausible allegations against **individuals**. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While he may use the "John Doe" designation to refer to specific individuals whose names are unknown, Plaintiff runs afoul of the pleading standards by merely asserting that a group of defendants violated his constitutional rights. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009); FED. R. CIV. P. 8.

Finally, Plaintiff cannot pursue a request for money damages against Shawnee Correctional Center because it is not a "person" within the meaning of the Civil Rights Act, and therefore not subject to a Section 1983 lawsuit for damages. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).

For these reasons, John Doe 2, John Doe 3, and Shawnee Correctional Center are dismissed from this action.

## THE COMPLAINT

In the Complaint, Plaintiff alleges the following: Plaintiff's whole unit was handcuffed and subjected to a search. (Doc. 1, p. 7). After other inmates had their handcuffs loosened, Plaintiff asked

for his handcuffs to also be loosened. Corrections Officer John Doe 1 became angry and forceable took Plaintiff to segregation without reason, any kind of ticket, or administrative hold. Plaintiff was in segregation for two weeks, during which time his property was stolen or given to somebody else. It took Plaintiff one to two weeks to recover his missing property. (*Id.*). Upon release from segregation, he filed a grievance, but the grievance was not answered until three months later. (*Id.* at p. 6).

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the claims in this case into the following three Counts:

> **Count 1:** Fourteenth Amendment claim against John Doe 1 and Hille for placing Plaintiff in segregation for two weeks without the due process of law.
>
> **Count 2:** Fourteenth Amendment and Eighth Amendment claim against Warden Dennison for failure to process Plaintiff's grievance in accordance with the statutory deadline.
>
> **Count 3:** Fourteenth Amendment claim for the deprivation of Plaintiff's property for the weeks following release from segregation.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Count 1

Count 1 shall be dismissed because Plaintiff has failed to show that a protected interest was at stake that necessitated the protections demanded by due process. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The Seventh Circuit Court of Appeals has previously concluded four months in segregation, standing alone, does not implicate a protected liberty interest, *Beamon v. Pollard*, 711 F. App'x 794, 795 (7th Cir. 2018), and that simply pleading that imposition of disciplinary segregation,

---

[1] *See Twombly*, 550 U.S. at 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

"without additional facts about the conditions of confinement, would not implicate a liberty interest." *Miller v. Maue*, 759 F. App'x 515, 516 (7th Cir. 2019) (citations omitted).

Here, Plaintiff claims that he was placed in segregation for two weeks for no reason, but does not assert any allegations regarding the conditions of his confinement that he believes constituted atypical and significant hardships in violation of the Constitution. *See Hardaway v. Meyerhoff,* 734 F.3d 740, 743 (7th Cir. 2013)(citing *Sandin v. Conner,* 515 U.S. 472, 484 (1995)(holding that thirty days in segregation standing alone did not create a liberty interest). Thus, Plaintiff has failed to allege he was deprived of a protected liberty interest while in segregation and so no due process is required.

**Count 2**

Plaintiff claims that delays in processing his grievance constituted a violation of his due process rights and amounted to deliberate indifference. Inmates do not, however, have a constitutional right to an effective grievance procedure. *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996). As such, the fact that prison officials denied, mishandled, or refused to consider grievances or claims raised by grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Additionally, a federal court does not enforce state law and regulations, so the allegation that the grievance was not processed in accordance with a statutory deadline also does not state a claim under Section 1983. *See Pasiewicz v. Lake Cty. Forest Preserve Dist.* 270 F.3d 520, 526 (7th Cir. 2001). Count 2 is dismissed.[2]

**Count 3**

Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp.*, 550 U.S. at 555 (2007); FED. R. CIV. P. 8(a)(2). As this claim is not asserted

---

[2] To the extent that Plaintiff also attempts to bring claims for the mishandling of grievances against "employee that was to answer my grievance", (Doc. 1, p. 6), these claims are dismissed as such employee is not listed in the case caption. *See Myles v. United States,* 416 F.3d 551, 551–52 (7th Cir. 2005)(to be properly considered a party a defendant must be "specif[ied] in the caption").

against any named defendant, Count 3 shall be dismissed.

## LEAVE TO AMEND

Because Counts 1, 2, and 3 shall be dismissed, the Complaint does not survive preliminary review. If he wishes to pursue his claims, Plaintiff must file an amended complaint describing ***how*** each defendant, named as a party in the case caption, violated his rights. If Plaintiff does not know the name of an individual defendant, he can refer to them by John Doe designation (for example John Doe 1 did X and John Doe 2 did Y). Plaintiff should keep in mind that in Section 1983 actions there is no supervisory liability. To be held individually liable a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

## MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has also filed a Motion for Recruitment of Counsel (Doc. 3). There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene,* 615 F.3d 847, 851 (7th Cir. 2010). Federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, Plaintiff does not provide the Court with any information regarding his attempts to obtain counsel, only a statement that he cannot afford counsel. (Doc. 3, p. 1). For this reason, Plaintiff's motion is **DENIED** without prejudice. The Court encourages Plaintiff to renew his request for the appointment of counsel at a later date. If Plaintiff does renew his request, he should give the Court rejection letters from at least three lawyers to prove that he has recently made reasonable efforts to find a lawyer on his own.

## DISPOSITION

**IT IS ORDERED** that the Complaint (including Counts 1, 2, and 3) is **DISMISSED** without prejudice against **JOHN DOE 1, WARDEN DENNISON, M. HILLE, JOHN DOE 2, SHAWNEE CORRECTIONAL CENTER**, and **JOHN DOE 3** for failure to state a claim for relief. The Clerk of Court is **DIRECTED** to terminate **SHAWNEE CORRECTIONAL CENTER** as a defendant in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **December 27, 2019**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00955-NJR). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently

investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 22, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**