**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **TONY LASTER,**<br>**#N82255,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JOHN DOE 1,**<br>**WARDEN DENNISON,**<br>**M. HILLE,**<br>**JOHN DOE 2,**<br>**L. WALKER,**<br>**JOHN DOE 3, and**<br>**ANY OTHER RESPONSIBLE DEFENDANTS,**<br><br>**Defendants.** | **Case No. 19-cv-00955-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Tony Laster, an inmate of the Illinois Department of Corrections who is currently incarcerated at Vienna Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights occurring while at Shawnee Correctional Center ("Shawnee"). Laster claims that he was placed in segregation for no reason and denied medical treatment. He seeks monetary damages.

The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se*

Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 821 (7th Cir. 2009).

## FIRST AMENDED COMPLAINT

Laster alleges the following: While at Shawnee, he was dragged and placed in segregation for no reason. (Doc. 12, p. 6). Once in segregation, he felt like he was going to go into a diabetic coma because he was sweating and feeling dizzy. He asked correctional officers for medical attention, but did not receive any. He wrote Adjustment Committee member Lieutenant Laster asking why he was placed in segregation and why he was not receiving medical attention but did not receive a response. He spoke with other staff and no one could tell him why he was in segregation or why he had not yet been given medical treatment. (*Id.*). Laster wrote Warden Dennison numerous times but did not receive a response until three months later. (*Id.* at p. 1).

## PRELIMINARY DISMISSAL

Laster lists John Doe 3 and "Any other responsible defendants" as defendants in the case caption. Both of these defendants will be dismissed. John Doe 3 is not referenced in the statement of claim, and merely invoking the name of a potential defendant by listing him in the case caption is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Furthermore, vague references to a group of defendants, without specific allegations tying an individual defendant to the alleged unconstitutional conduct, do not meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure. Accordingly, John Doe 3 and "Any other responsible defendants" shall be dismissed.

## DISCUSSION

Based on the allegations of the First Amended Complaint, the Court finds it convenient to designate the claims in this case into the following three Counts:

**Count 1:** Eighth Amendment claim against Defendants for deliberate indifference to Laster's serious medical needs while he was in segregation.

**Count 2:** Fourteenth Amendment claim against Warden Dennison and John Doe 2 for the mishandling of and delay in responding to Laster's grievances.

**Count 3:** Fourteenth Amendment claim against Defendants for placing Laster in segregation for two weeks without the due process of law.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the Twombly pleading standard**.[1]

### Count 1

Laster claims that once he was placed in segregation, he asked for medical treatment but did not receive medical attention for two weeks. As this claim is not asserted against any named defendant, Count 1 shall be dismissed. *See Bell Atlantic Corp.*, 550 U.S. at 555 (2007); FED. R. CIV. P. 8(a)(2).

### Count 2

Laster states that while in segregation he wrote grievances to Adjustment

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Committee member Lieutenant Laster, but never received a response. He also claims he wrote grievances to John Doe 2 and Warden Dennison, and they violated his constitutional rights by not responding for three months.

Count 2 will also be dismissed. First, Lieutenant Laster is not named as a defendant in the case caption, and the Court will not treat parties not listed in the caption as defendants. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005). Thus, any claims against Lieutenant Laster are dismissed. Second, as mentioned in the previous merit review order (Doc. 11, p. 4), inmates do not have a constitutional right to an effective grievance procedure. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). As such, the fact that prison officials denied, mishandled, or refused to consider grievances or claims raised by grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). For these reasons, Count 2 is dismissed.

**Count 3**

"Prisoners generally do not have a liberty interest in avoiding brief periods of segregation, whether administrative or disciplinary." *Smith v. Akpore*, 689 F. App'x 458, 460 (7th Cir. 2017) (citations omitted). Segregation under certain conditions, however, may still constitute a deprivation of a liberty interest if the placement segregation imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Mathews v. Brown*, 768 F. App'x 537, 540 (7th Cir. 2019). When considering a due process claim for placement in segregation, the Court is to consider "the duration and conditions of the

confinement." *Mathews,* 768 F. App'x at 540.

Count 3 will also be dismissed, as Laster has not asserted his claim that he was denied due process against any specific defendant. Although Laster states in the "Defendants" section of the First Amended Complaint that Major Hille is the officer who signed him into segregation, he does not provide any allegations regarding how Hille violated his constitutional rights in the Statement of Claim. "[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci,* 597 F.3d 824, 833 (7th Cir. 2010) (quoting *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003)). Finally, Laster states he was held for two weeks in segregation and "[a] confinement of that length does not implicate a liberty interest." *Obriecht v. Raemisch,* 565 F. App'x 535, 540 (7th Cir. 2014). Accordingly, Count 3 does not survive preliminary review.

## LEAVE TO AMEND

In light of these deficiencies, the First Amended Complaint does not survive preliminary review and shall be dismissed. Laster will be given one final opportunity to pursue his claims in a Second Amended Complaint. In the Second Amended Complaint, Laster should describe ***how each defendant*** violated his rights, keeping in mind that in Section 1983 actions there is no supervisory liability. To be held individually liable a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Additionally, if Laster brings allegations against a defendant in the statement of claim, the defendant also must be listed in the case caption.

## DISPOSITION

For the reasons set forth above, the First Amended Complaint (Doc. 12) is **DISMISSED** without prejudice for failure to state a claim for relief.

Laster is **GRANTED** leave to file a "Second Amended Complaint" on or before **May 19, 2020**. Should Laster fail to file a Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Laster's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Laster use the civil rights complaint form designed for use in this District. He should label the form, "Second Amended Complaint," and he should use the case number for this action (No. 19-cv-00955-NJR). To enable Laster to comply with this Order, the **CLERK** is **DIRECTED** to mail Laster a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Second Amended Complaint must stand on its own without reference to any previous pleading. Laster must re-file any exhibits he wishes the Court to consider. The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Laster is further **ADVISED** that his obligation to pay the filing fee for this action

was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he files a Second Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Laster is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 21, 2020**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**