IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY LASTER, #N82255, <br><br>    Plaintiff, <br><br> v. <br><br> ASHMORE, <br> CRIM, <br> MAJOR M. HILLE, <br> LT. LASTER, <br> JOHN DOE 1, and <br> JOHN DOE 2, <br><br>    Defendants. | Case No. 19-cv-00955-MAB |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Tony Laster, an inmate of the Illinois Department of Corrections who is currently incarcerated at Vienna Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights occurring while at Shawnee Correctional Center ("Shawnee"). Laster claims that he was subjected to excessive force and denied medical treatment on February 28, 2019, and then he was not given any hygiene items in segregation for two weeks. He seeks monetary damages.

The Second Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, any portion of a complaint that is

---

[1] The Court has jurisdiction to screen the Second Amended Complaint in light of Laster's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE SECOND AMENDED COMPLAINT

Laster alleges the following: On February 28, 2019, his entire building was handcuffed and taken to the gym while his housing unit was searched. (Doc. 16, p. 7). After being handcuffed with his hands behind his back for forty-five minutes his handcuffs were too tight. He noticed Correctional Officer Crim loosening the handcuffs of other inmates and so, he requested for his handcuffs to be loosened. Laster also asked to see medical because his blood sugar was low and he felt dizzy. Crim told Laster to "shut up" and went to stand by Correctional Officer Ashmore. (*Id.*). Ashmore and Crim then had a short discussion and walked up to Laster. Laster asked both officers again to have his handcuffs loosened and to see medical. (*Id.* at p. 7-8). Ashmore told Laster, "I'm sick of your shit [you're] going to segregation." (*Id.* at p. 8). Ashmore and Crim then "snatched [Laster] off the bleachers] where [he] was s[i]tting" and lost their grip. Laster fell to the floor injuring his left leg. Crim grabbed Laster by the handcuffs and dragged him towards the door, and Ashmore lifted Laster's arms high behind his back. At the exit, Major Hille asked what was going on and Ashmore stated, "chronic complainer." Major Hille responded, "oh him again, take him to segregation and he gets no property." (*Id.*).

On the way to segregation, Laster again asked to be taken to the health care unit

because he is diabetic and has low blood sugar, but Crim and Ashmore refused. (*Id.*). Once in the segregation unit, Crim and Ashmore threw Laster into the holding cell with such force that he hit his head on the wall. Laster remained in segregation for two weeks. (*Id.* at p. 9).

While in segregation, Laster did not receive personal hygiene items, such as toilet paper, soap, toothpaste, and a toothbrush. He also did not receive sheets for his mattress. Laster was also denied medical by Correctional Officers John Doe 1 and John Doe 2 on February 28, 2019. On September 9, 2019, Laster asked Lieutenant Laster why he did not receive any property while in the segregation unit, and the Lieutenant told Laster that he received an order from Major Hille.

A week later, Laster was seen by a nurse who checked his blood sugar levels and the results were high. (*Id.* at p. 12). He told the nurse he had not had his medication for seven or eight days. The nurse gave him metformin for his diabetes and lisinopril, a blood pressure medicine. (*Id.* at p. 13).

## DISCUSSION

Based on the allegations of the Second Amended Complaint, the Court finds it convenient to designate the following Counts:

**Count 1:** Eighth Amendment claim of excessive force against Correctional Officers Crim and Ashmore.

**Count 2:** Eighth Amendment claim of deliberate indifference to a serious medical need against Ashmore, Crim, John Doe 1, and John Doe 2.

**Count 3:** Eighth Amendment claim of unconstitutional conditions of confinement against Major Hille, Lieutenant Laster, John Doe

1, and John Doe 2.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Second Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]**

### Count 1

Laster's claims that on February 28, 2019, Correctional Officers Crim and Ashmore allowed him to remain handcuffed for an extended period of time with his handcuffs too tight, aggressively escorted him to segregation, and threw him the holding cell causing a head injury are sufficient for Count 1 to survive screening. *See Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 20018).

### Count 2

Laster's claims that he is diabetic and treated with medication suggests that he suffers from a serious medical need. He also claims that he told both Crim, Ashmore, John Doe 1, and John Doe 2 that he was diabetic and needed medical care, and he informed John Doe 1 and John Doe 2 that he had injured his head after being thrown into the holding cell. All four Defendants refused to take him to the health care unit or seek medical attention. These allegations state a viable claim of deliberate indifference against Crim, Ashmore, John Doe 1, and John Doe 2. *See Chatham v. Davis*, 839 F. 679, 684 (7th Cir. 2019) (discussing the elements of an Eighth Amendment claim for deliberate

---

[2] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

indifference).

### Count 3

Count 3 will also proceed against Major Hille, Lieutenant Laster, John Doe 1, and John Doe 2, who denied Laster a bed sheet and hygiene items for two weeks during his time in segregation. *See Gillis v. Litscher,* 468 F. 3d 488, 493 (7th Cir. 2006) (stating that under the Eighth Amendment "life's necessities" include hygiene items).

### IDENTIFICATION OF UNKNOWN DEFENDANTS

Claims shall be allowed to proceed against the two unknown defendants, Correctional Officers John Doe 1 and John Doe 2. These defendants must first be identified with particularity before service of the Second Amended Complaint can be made on them. Plaintiff Laster will have the opportunity to engage in limited discovery to ascertain their identities. *Rodriguez*, 577 F.3d at 832. The Warden of Shawnee Correctional Center will be added as a defendant in this action, in his or her official capacity, for the purpose of responding to discovery aimed at identifying the unknown defendants by name. Guidelines for discovery will be set at a later date. Once the names of the unknown defendants are discovered, Laster must file a motion to substitute each newly identified defendant in place of the generic designations in the caption and Second Amended Complaint.

### DISPOSITION

**IT IS HEREBY ORDERED** that the Second Amended Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNT 1** shall proceed against Crim and Ashmore. **COUNT 2** shall proceed against Crim, Ashmore, John Doe 1, and John Doe

2. **COUNT 3** shall proceed against Hille, Lieutenant Laster, John Doe 1, and John Doe 2**.** The Clerk of Court is **DIRECTED** to **ADD** the Warden of Shawnee Correctional Center as a defendant, in his or her official capacity only, for the purpose of responding to any discovery aimed at identifying the John Doe Defendants.

The Clerk of Court shall prepare for **Crim, Ashmore, Hille, Lieutenant Laster,** and **John Does 1** and **2** (once identified) and **the Warden of Shawnee Correctional Center** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint, and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff Laster. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by Plaintiff Laster, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Because this suit addresses medical claims, the Clerk of Court is **DIRECTED** to

enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order. <u>The Warden of Shawnee Correctional Center need only appear in this matter and is not obligated to file an answer.</u>**

If judgment is rendered against Laster, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Laster is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 26, 2020**

/s/ Mark A. Beatty
MARK A. BEATTY,
**United States Magistrate Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.